## Commonwealth v. Taddio

*Allen P. Page, Jr.*, for defendant.

*Lee B. Lansberry*, district attorney, and *Floyd M. Kocher*, assistant district attorney, for Commonwealth.

PER CURIAM, November 16, 1951.—The record in this case shows that appellant was charged with assault and battery as well as aggravated assault and battery and that an alderman of the City of Williamsport found him not guilty, and then sentenced him to pay the cost, under the provisions of the Act of May 27, 1919, P. L. 306, sec. 2, as amended by the Act of June 25, 1937, P. L. 2319, sec. 1.

An appeal has been allowed from the disposition of

the case by the alderman, and although the Act of June 25, 1937, supra, is to the effect that the right of appeal to the quarter sessions shall be in the same manner and like effect as is provided by law in the case of summary convictions, and although summary convictions on appeal are supposed to proceed de novo, we will consider as the only question to be decided in this case as to whether or not the Act of May 27, 1919, supra, as amended, violates article I, sec. 6, of the Constitution of Pennsylvania, and as to whether or not the fact that defendant was charged with aggravated assault and battery, in addition to simple assault and battery, affects the right of the magistrate to sentence appellant to pay the costs of the case.

It has been agreed by all parties that these are the questions for us to decide.

Article I, sec. 6, of the Constitution of Pennsylvania reads as follows: "Trial by jury shall be as heretofore, and the right thereof remain inviolate". This provision was contained verbatim in the Constitution of 1838, and 1790, and in the Constitution of 1776, which provided for trial by jury "as heretofore". This provision has been construed in such a way that a man is entitled to trial by jury of 12 men in every case involving his interest provided he was so entitled prior to 1776, and not otherwise.

At common law a defendant, even though acquitted, always paid the costs and this continued to be the law until the Act of March 20, 1797, 3 Sm. L. 281, by which act it was provided that upon acquittal of a defendant on an indictable offense costs should be paid out of the county stock by the county. See In re Fines, Costs, 3 Lyc. 1.

Appellant, therefore, in being sentenced to pay the costs of the alderman has not been deprived of any right to a trial by jury that he would have enjoyed at common law prior to the Constitution of 1776, and his

argument of unconstitutionality therefore has no merit.

We have read the cases cited by appellant, including Commonwealth, ex rel. Heydt v. Bossler, 29 Dist. R. 171, which appears to be the leading case ruling the 1919 Act unconstitutional, but we do not agree with that decision.

In addition, the Act of June 25, 1937, supra, which amends the Act of May 27, 1919, supra, allows for an appeal from the alderman to the court of quarter sessions in the same manner and like effect as is provided by law for appeal in case of summary conviction. Although assault and battery is normally considered a misdemeanor, the legislature evidently decided otherwise in case of an appeal.

As to summary conviction cases, it has been held that it was not the intention of the framers of our Constitution, or of the legislature, to extend trial by jury to every petty conviction which may arise on summary conviction before a justice: Commonwealth v. Forrest, 3 Dist. R. 797; Byers and Davis v. The Commonwealth, 42 Pa. 89. It was held in Commonwealth v. Waldman, 140 Pa. 89, that defendant has no right to have an appeal from summary conviction tried by jury, but that the trial is by the court as in surety of the peace, desertion and nonsupport cases. Also see Commonwealth v. Fasnacht, 12 Dist. R. 327.

As to aggravated assault and battery cases, the alderman cannot discharge the case and place costs on defendant, as this right of placing costs is only given to him by statute. He has the right, however, to discharge appellant as he did in this case, and place the entire costs on appellant, because of the fact that appellant was charged not only with aggravated assault and battery, but simple assault.

The appeal is dismissed, costs on appellant.